IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AARON A. M.,[1]<br><br>                          Plaintiff,<br>  v.<br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>                         Defendant. | Case No. 4:20-CV-00009-SLG |

### ORDER ON MOTION TO ALTER JUDGMENT

Before the Court is Plaintiff's Combined Motion and Brief to Alter and Amend Judgment Under Rule 59(e).[2] The defendant opposes the motion.[3] Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order. However, Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[4] In general, "there are four basic grounds upon which a Rule 59€ motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), *available* https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Docket 18.

[3] Docket 19.

[4] *Wood v. Ryan,* 759 F.3d 117, 1121 (9th Cir. 2014) (citation omitted).

an intervening change in controlling law.[5] A Rule 59(e) motion cannot be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation.[6]

On April 6, 2021, the Court affirmed the Commissioner's final decision and denied Plaintiff's request for remand for an award of benefits or for further proceedings.[7] Judgment was entered on the same date.[8] On May 3, 2021, Plaintiff filed his motion and brief to alter and amend the Court's judgment under rule 59(e).[9] Plaintiff argues that the Court "never makes an actual ruling as to whether the HALLEX is enforceable in this case."[10] He also asserts that Plaintiff's testimony "did address several issues not fully documented in the medical treatment notes or record and available for review by the medical experts."[11]

The Court's Decision and Order of April 6, 2021 held that pursuant to Ninth Circuit decisions, allegations of non-compliance with the HALLEX are not enforceable by the district court even after the promulgation of SSR 13-2.[12] Further, despite Plaintiff's

---

[5] *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon,* 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted)).

[6] *Kona Enters. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

[7] Docket 16.

[8] Docket 17.

[9] Docket 18.

[10] Docket 18 at 1.

[11] Docket 18 at 1–2.

[12] Docket 16 (Decision and Order) at 38 n.153 (citing Ninth Circuit cases).

repetition of his argument that the medical experts failed to hear testimony regarding his symptoms and daily activities, the ALJ in this case was not required to summarize the evidence to the medical expert even if the ALJ's failure to follow the HALLEX was enforceable by the Court.[13]

Although Plaintiff points to two recent decisions by the Alaska District Court, *Steele v. Saul* and *Quick v. Saul,* in those cases the Commissioner did not argue that the HALLEX imposes judicially enforceable duties or that Plaintiff's reliance on SSR 13-2p was misplaced.[14] However, more recently, in *Lehman v. Saul,* the district court held, "[b]ased on the arguments defendant has raised in this case, arguments that were not raised in *Steele* or *Quick*, the court must conclude that the ALJ was not required to comply with HALLEX 1-2-6-70(b). Even after the promulgation of SSR 13-2p, the Ninth Circuit has plainly continued to take the position that the HALLEX does not create judicially enforceable duties."[15]

Plaintiff next argues that the Court did not address the legal issue he raised regarding Dr. LeBeau's medical opinion. However, a Rule 59(e) motion may not be used to relitigate issues.[16] Here, Plaintiff essentially re-argues that because the ALJ found Dr. LeBeau's opinion persuasive, the ALJ was required to set forth the "precise functional

---

[13] Docket 16 at 35–38.

[14] Case No. 5:20-cv-00007-HRH, 2021 WL 653024, at *5 (D. Alaska Feb. 19, 2021); Case No. 3:20-cv-0197-HRH, 2021 WL 653023, at *4–5 (D. Alaska Feb. 19, 2021).

[15] *Lehman v. Saul,* 3:20-cv-00184-HRH, 2021 WL 1232670, at *9–10 (D. Alaska April 1, 2021).

[16] *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n.5 (2008) (citation omitted).

Case No. 4:20-cv-00009-SLG
Order
Page 3 of 4

limitations offered by Dr. LeBeau."[17]  The Court concludes that Plaintiff has not presented a valid basis for granting Rule 59(e) relief.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Combined Motion and Brief to Alter and Amend Judgment Under Rule 59(e) at Docket 18 is DENIED.

DATED this 4th day of June 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[17] Docket 18 at 5–6.